UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>FRANKIE ALLEN PERAZA,<br><br>　　　　　　Defendant. | Case No. 2:14-cr-0229-APG-NJK<br><br>**ORDER GRANTING IN PART GOVERNMENT'S OMNIBUS MOTION IN LIMINE**<br><br>(ECF No. 193) |

The Government moves *in limine* to preclude defendant Frankie Allen Peraza from questioning and offering testimony at trial regarding probable cause for the search warrant, Fourth Amendment challenges, and the earlier motion to suppress that was denied. ECF No. 193. The Government is also concerned that Mr. Peraza will renege on an agreement his prior counsel made by which the Government agreed to limit the number of images it will present at trial.

Mr. Peraza has not established a sufficient basis for a *Franks* hearing, nor has he shown a Fourth Amendment violation at this point. But this does not preclude Mr. Peraza from cross-examining Detective Cody and other Government witnesses about their investigation, or attempting to impeach them with questions about their prior statements and affidavits. Similarly, Mr. Peraza may challenge the chain of custody of the Government's evidence. Mr. Peraza is warned, however, that his questions may open the door for the Government to show the jury additional images of alleged child pornography, in order to rebut Mr. Peraza's claims or rehabilitate a witness's credibility.

Mr. Peraza may not re-litigate the motion to suppress that was previously denied. However, he may offer and elicit testimony about the voluntariness of his statements. Even though Mr. Peraza's statements were deemed voluntary, "the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances." 18 U.S.C. § 3501(a).

"[B]ecause 'questions of credibility, whether of a witness or of a confession, are for the jury,' the requirement that the court make a pretrial voluntariness determination does not undercut the defendant's traditional prerogative to challenge the confession's reliability during the course of the trial." *Crane v. Kentucky*, 476 U.S. 683, 688 (1986) (citation and emphasis omitted). "[E]vidence about the manner in which a confession was obtained is often highly relevant to its reliability and credibility." *Id.* at 691. *See also* 9th Cir. Model J.I. 4.1

IT IS THEREFORE ORDERED that the Government's motion in limine **(ECF No. 193) is GRANTED in part** as described above.

Dated: September 7, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE